[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Defendant-appellant Jack G. Carman appeals from the judgment adjudicating him to be a sexual predator pursuant to R.C. Chapter 2950, Ohio's sexual-predator statutes. The classification as a sexual predator stemmed from a trial in which Carman had pleaded guilty to a charge of gross sexual imposition and to a specification of a previous conviction for a violent offense. By his guilty plea, Carman admitted that he had lured a mentally challenged adult woman into his apartment and attacked her. The trial court sentenced Carman to a three-to-five-year period of incarceration.
At an August 8, 2000, hearing, the state adduced evidence that Carman "is likely to engage in one or more sexually oriented offenses sometime in the future." R.C. 2950.01(E). In addition to offering a list of his convictions and the record for the underlying gross-sexual-imposition conviction, the state subpoenaed Carman's file from the Department of Rehabilitation and Corrections. This file included an institutional summary report, a discipline summary report, a report indicating that Carman had not attended the Polaris sexual-offender diversion program, and a sex-offender assessment prepared by two corrections department clinical psychologists in 1997. The psychologists had administered the MMPI-2 personality inventory, the Multiphasic Sex Inventory, and a sexual-history questionnaire, as well as conducting a clinical assessment. Based upon their assessment, the psychologists concluded that Carman had an antisocial-personality disorder and a polysubstance-dependency disorder and was at a "high risk of reoffending." They recommended treatment for Carman's sexual-and substance-abuse problems.
At the hearing, in response to questions posed by the trial court, Carman admitted he had a substance-abuse problem and "an unnatural appetite * * * for sex." At the conclusion of the hearing, the trial court found Carman to be a sexual predator.
On the authority of State v. Cook (1998), 83 Ohio St.3d 404,700 N.E.2d 570, and State v. Williams (2000), 88 Ohio St.3d 513,728 N.E.2d 342, we overrule Carman's first three assignments of error challenging the constitutionality of R.C. Chapter 2950 on grounds that it is an ex post facto law, requires retroactive application, violates the Double Jeopardy Clause, and is unconstitutionally vague.
In his final assignment of error, Carman contests the manifest weight of the evidence presented to support the adjudication. After reviewing the record and the comprehensive evidence of future dangerousness offered by the state, we hold that the trial court had ample evidentiary material before it to produce a firm belief or conviction that Carman was likely to commit another sexual offense. Consequently, the trial court properly found by clear and convincing evidence that Carman is a sexual predator. See R.C. 2950.09(B); see, also, In re Adoption of Holcomb (1985),18 Ohio St.3d 361, 368, 481 N.E.2d 613, 620. The fourth assignment of error is overruled.
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Gorman, P.J., Winkler and Shannon, JJ.
Raymond E. Shannon, retired, from the First Appellate District, sitting by assignment.